■ SALVATORE LA ROCCA et al., Respondents, v CITY OF NEW YORK, Appellant-Respondent; CONSOLIDATED EDISON, Respondent-Cross-Appellant, and ERNEST STEPHENS et al., Respondents, et al., Defendant. CITY OF NEW YORK, Third-Party Plaintiff-Appellant-Respondent, and ALAN L. MCCAFFREY, Third-Party Plaintiff-Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Defendant-Respondent-Cross-Appellant, and EDENWALD CONTRACTING CO., INC., Third-Party Defendant-Respondent. — Judgment of the Supreme Court, New York County (Shorter, J.), entered on June 22, 1981, unanimously modified, on the law and the facts, and a new trial ordered solely on the issue of damages, and otherwise affirmed, without costs and without disbursements, unless plaintiffs, within 20 days after service upon them of a copy of the order to be entered herein, with notice of entry, serve and file in the office of the clerk of the trial court, a written stipulation consenting to reduce the verdict in favor of plaintiff Salvatore La Rocca to $900,000 and in favor of plaintiff Maria La Rocca to $100,000, respectively, and to the entry of an amended judgment in accordance therewith. If plaintiffs so stipulate, the judgment as so amended and reduced, is affirmed, without costs and without disbursements, and a new trial ordered solely on the issue of apportionment as more fully set forth. After a review of the record, the damages appear to us to be excessive to the extent indicated. On the morning of August 27, 1975, defendant Stephens, driving his car southbound on the FDR Drive in the vicinity of 14th and 15th Streets in Manhattan, turned into the left lane adjoining the median divider to pass a cab which had been "zigzagging" in the center lane. As Stephens attempted to pass the cab, the cab veered into his lane and Stephens applied his brakes. Stephens' vehicle crossed the median divider into oncoming northbound traffic between 14th and 15th Streets where the divider simply consisted of a removable concrete wall without the metal guard rails which were otherwise present along the divider. Stephens' vehicle first came into contact with two automobiles, one in the lane closest to the divider and one in the middle lane, and then came into contact with the motorcycle

which plaintiff was operating in the lane farthest away from the median divider. As a result of this latter collision, plaintiff suffered serious and permanent injuries. One of plaintiffs' witnesses, Eugene Bishop, who observed the accident, testified that he saw what appeared to be a Con Ed pickup truck pull out of the Con Edison plant into the southbound traffic on the FDR Drive "and that truck looked like it cut off a yellow cab, and in turn, that cab either bumped or cut another car [Stephens] and this car came over the divide." Defendant Stephens in a written statement which was admitted as evidence-in-chief gave an account of the accident essentially identical to Bishop's testimony. It was undisputed that both the city and Con Edison learned about this possible involvement of a Con Edison vehicle at trial for the first time. The Trial Judge, over Con Edison's objection, permitted Bishop's testimony and Stephens' statement to stand as an integral part of the narrative. However, the court ruled that the claim of liability based upon Con Edison's vehicular negligence was not encompassed in the city's pleading. It denied the city's motion to conform the pleadings to the proof, accepting Con Edison's claim of prejudice. In so doing, the court erred. The city was thus prevented from attempting to establish liability against Con Edison which the jury could have found further diminished or negated any city negligence. The jury apportioned liability among defendants as follows: city, 55%; Consolidated Edison, 35%; Ernest Stephens, 10%. The trial court's refusal to permit the defendant city to raise the issue of Con Edison's alleged vehicular negligence was erroneous and warrants a new hearing on apportionment of damages. The city's amended cross claims do not explicitly spell out a claim of vehicular negligence on the part of Con Edison. However, there are general allegations of Con Edison's negligence which would encompass such a claim. These amended cross claims gave Con Edison clear notice of the occurrence to be litigated and that its liability would be based on negligence. Con Edison could have opposed the city's application for leave to serve the amended cross claims as being overly broad. Con Edison could have moved for a more definite statement in the amended cross claims pursuant to CPLR 3024 (subd [a]). Alternatively, Con Edison could have served a demand for a bill of particulars and defined and limited the city's allegations in that manner. Even assuming that the amended cross claims were not sufficient to support a claim of liability based on Con Edison's alleged vehicular negligence, the trial court should have granted the city's motion to conform the pleadings to the proof. This would have permitted the vehicular negligence theory of liability which was supported by evidence adduced at trial (CPLR 3025, subd [c]). The plea of surprise by Con Edison does not establish a showing of irremedial prejudice; furthermore, Con Edison's claim of prejudice submitted in opposition to the city's motion was baseless. Accordingly, a new trial as to the apportionment of damages among the defendants is directed so that the issue of Con Edison's vehicular negligence can also be submitted to and decided by the jury. Concur — Kupferman, J. P., Sullivan, Ross, Asch and Alexander, JJ.