■ SALVATORE LA ROCCA et al., Respondents, v CITY OF NEW YORK et al., Respondents, and CONSOLIDATED EDISON, Appellant,

et al., Defendants. CITY OF NEW YORK et al., Third-Party Plaintiffs-Respondents, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. — Judgment of the Supreme Court, New York County (Flaherty, J.), entered May 23, 1983, reversed, on the law, and a new trial ordered solely on the issue of the apportionment of damages, without costs and without disbursements.

Plaintiff Salvatore La Rocca sustained severe and permanent injuries when, while riding a motorcycle in a northbound lane of the FDR Drive in the vicinity of 14th and 15th Streets, he was struck by an automobile driven by defendant Stephens. The Stephens vehicle had crossed over a removable concrete wall from the left southbound lane of the FDR Drive while maneuvering to avoid colliding with another automobile. The removable concrete wall did not have metal guardrails otherwise present along the center divider which might have forestalled such a crossover accident.

By order of this court dated January 20, 1983 (*La Rocca v City of New York,* 91 AD2d 940), a retrial solely on the issue of apportionment of damages between defendants Consolidated Edison (Con Ed), Ernest Stephens (Stephens) and the City of New York (City) was directed. The matter was remanded in order to allow consideration of testimony tending to establish vehicular negligence on the part of Con Ed in apportioning liability among the defendants.

At the retrial there was sufficient evidence produced to support a finding that the vehicular negligence of a Con Ed truck was a contributing factor to the accident and the court properly instructed the jury in this regard. For its part, Con Ed made a number of requests to charge with relation to the City's duty to maintain its highways in a reasonably safe condition. The court declined to charge the jury on this theory. This was error. Without such a charge the jury was left uninstructed as to the relative responsibility of Con Ed and the City with regard to the central highway divider. That issue was fundamental to a fair apportionment of damages and the exclusion of instructions on that negligence theory compels a further hearing at which all issues concerning the relative liability of the defendants may be heard by the jury. In so ordering we note that while Con Ed took no exception to the charge as a whole the denial of its specific requests to charge with regard to the City's duty to maintain its highways was excepted to and its objections renewed at the end of the court's instructions to the jury thus preserving the question for review by this court. Plaintiffs, whose judgment has been satisfied by payment by the City, request an order directing Con Ed to pay the difference in interest between the amount

the City paid and the statutory rate applicable to nonmunicipal defendants. Plaintiffs cite no authority in support of this proposition. In any event such a request is more properly made before Special Term and the plaintiffs may proceed in such a manner if they be so advised.

The judgment appealed from should be reversed and the case remanded to Trial Term for an apportionment of damages. Concur — Murphy, P. J., Sullivan, Silverman and Milonas, JJ.